WALKER *v.* BURTSCHER ET AL.

*Wills — Void for uncertainty — Statutes of descent and distribution applied, when — Will written in foreign language — Disagreement in translations.*

A court will not speculate as to the intention of a testator whose will was written in a foreign language and the scholars who were called as witnesses did not agree in their translations, but in such a case the provisions of the statutes for distribution of the property of the decedent will be applied.

(Decided February 26, 1916.)

APPEAL: Court of Appeals for Stark county.

*Messrs. Welty & Burt,* for plaintiff.

*Mr. J. W. Craine* and *Mr. T. C. Davis,* for defendants.

HOUCK, J. This case is before this court on appeal from the common pleas court of Stark county, Ohio. The action is one in partition, and the parties hereto base their respective claims to the real estate in question on the construction placed on the last will and testament of Joseph Wagner, Sr. The petition alleges:

"Mary Helen Walker, the plaintiff herein, for a cause of action says that she is a daughter and devisee of Joseph Wagner, Jr., deceased; that he was a son and legal heir of Joseph Wagner, Sr., also deceased. That by the will of the latter a life estate was given and devised to Maria Wagner, now deceased, wife of Joseph Wagner, Sr., as shown by the record of said will in Will Record D. at page 532, in the records of the probate court of said county, of the following described lands and tenements, to-wit: being lots Nos. 335 and 1368 in the city of Massillon, Ohio; that the remainder after the said life estate in said lands and tenements was not given or devised to any person or persons whatsoever by said will, and was never during the life of said Joseph Wagner, Sr., by him granted or disposed of, but was at his death owned by him. Plaintiff says that said Joseph Wagner, Jr., was one of five children of said Joseph Wagner, Sr., to-wit: Frances Wagner Burtscher, Mary Wagner Grass, Lilian Wagner Ritter, Emma Wagner Neher, defendants herein, and Joseph Wagner, Jr. That each of said five children was upon the death of Joseph Wagner, Sr., entitled to the undivided one-fifth interest in fee simple in the said remainder of said property. That said Joseph Wagner, Jr., at his death was possessed of and by his last will and testament gave, devised and bequeathed his said undivided one-fifth interest in said estate to Mary Wagner, his wife, now Mrs. Mary F. Timmel, defendant herein, Annie Josephine Blandon Wagner, defendant herein, and Mary Helen Walker, plaintiff herein, or to their survivors, to be divided among

them in equal shares. That after the said
will of Joseph Wagner, Jr., was executed, and after
his death, his son, Edward Joseph John Wagner,
also a·defendant herein, was born and is now living.
That said will was duly admitted to probate in the
probate court of Stark county on the 4th day of
November, 1904, and that said defendant Mary F.
Timmel, as widow of Joseph Wagner, Jr., elected
to take her share of testator's property under the
terms of said will in lieu of dower therein. That
said Joseph Wagner, Jr., has been dead more than
one year, and that there are no debts or claims
against said estate. Plaintiff says that as a
daughter and one of the devisees of Joseph Wag-
ner, Jr., as aforesaid, she has a legal right to and
is seized in fee simple of the undivided two forty-
fifths part of said lands and tenements above de-
scribed, and that the defendants, Frances Burt-
scher, Mary Grass, Lilian Ritter and Emma Neher
are the owners in fee simple of the undivided one-
fifth part of said property each; that said Joseph
Wagner, Jr., had children living at the time he
made and executed his said last will, and that the
defendant, Edward Joseph Wagner, was born
thereafter, as aforesaid, and is now a minor, and
that said after-born son of said Joseph Wagner,
Jr., said Edward Joseph John Wagner, is the owner
of and is seized in fee simple of the undivided one-
fifteenth part of said property. That since the
death of said life tenant, Maria Wagner, said
property has been in the exclusive possession and
enjoyment of the defendants, Frances Burtscher,
Mary Grass, Lilian Ritter and Emma Neher, to the
exclusion of plaintiff and the other said tenants in

common. Wherefore plaintiff prays that she may have her interest set off to her in severalty; that an accounting be made of rents and profits of said estate from the time of the death of said Maria Wagner until partition be made, and for such other and further relief as is proper and right."

The defendants, Frances Burtscher, Mary Grass, Lilian Ritter, Emma Neher, Jacob Burtscher and Henry Neher, in their amended answer, after admitting certain allegations of the petition, deny each and all other statements contained therein; which puts in issue the claim that plaintiff has an interest in the real estate described in the petition and is entitled to rents and profits therefrom, and denies that she is entitled to partition.

Upon the issues raised by these pleadings the cause was submitted to this court on the evidence. It is the claim of plaintiff that under the provisions of the last will and testament of Joseph Wagner, Sr., deceased, his widow, Maria Wagner, took only a life estate, and at her death the real estate vested in the heirs of Joseph Wagner, Sr. The defendants contend that Maria Wagner, the widow, took a conditional fee, and that, by reason of her not remarrying, at her death the fee-simple title vested in her, and she had a right to dispose of the same by will. The will of Joseph Wagner, Sr., was written in German and copied in that language in the will records of Stark county, Ohio. The original will, since the commencement of this litigation, has been mislaid or lost, and therefore we have not had the benefit that might be derived from an examination of the paper writing itself. The plaintiff and defendants presented German scholars as

witnesses, who translated into English the language used in the recorded will of Joseph Wagner, Sr., but we are free to say that no two of them seem to agree, and when the lower court attempted to reconcile them it also was at sea. In the construction of wills the testator's meaning and intention in the language used is to be found and ascertained, if possible, and this courts strain to discover. We have done so in this case, but it availeth not. The law provides no positive and fixed rules for the interpretation of wills—hence the imperfections of the human language, as ordinarily used; the obscure and often inconsistent expressions of intention, as sometimes penned by the scrivener who draws the will; and the utter inability of the human mind to anticipate future events and happenings—all of which fully appear in the case at bar. The court can not tell what was in the mind of Joseph Wagner, Sr., at the time the scrivener penned his will, save and except from the language used therein; and it is not for a court by mere conjecture to determine what his will should be. That must be determined by giving to the language used by him that fair meaning and interpretation which the words and sentences warrant. We have no hesitancy in saying that from the different translations made by the witnesses, and the language used by Joseph Wagner, Sr., in the paper writing in question, we are fully satisfied that it can not take effect as a will by reason of the uncertain and indefinite character of the language used and the provisions contained therein. We think the case of *Cope* v. *Cope,* 45 Ohio St., 464, is decisive of the case at

bar. The learned judge in the opinion says, at page 469:

"Without pursuing the matter further, we think sufficient has been said to indicate the obscurity in which each item of this will, when considered in connection with its other parts, is involved, and that no construction can be given it, as a whole, for which more can be claimed than that it is a clever guess at the probable intention of the testator. But this is not enough to warrant any particular construction claimed for a will; for, as observed by Mr. Jarman, conjecture is not permitted to supply what the testator has failed to indicate; and if, after every endeavor, the judicial expositor 'finds himself unable, in regard to any particular fact, to penetrate through the obscurity in which the testator has involved his intention, the failure of the intended disposition is the inevitable consequence. * * * To the validity of every disposition, as well of personal as of real estate, it is requisite that there be a definite subject and object; and uncertainty on either of these particulars is fatal.' * * * And, though the privilege of making a will is one highly respected by the law, yet, as the law itself makes a just and equitable disposition of the property of an intestate among the natural objects of his bounty, it should prevail over the provisions of any attempted disposition, that are so obscure that the general scheme and purpose of the testator cannot be ascertained with any reasonable certainty."

It therefore necessarily follows from what we have already said that the plaintiff is entitled to a decree in partition; also that the defendants,

Frances Burtscher, Mary Grass, Lilian Ritter and Emma Neher, must account for the rents and profits derived from the real estate in question since the death of Maria Wagner. And this cause is remanded to the court of common pleas for execution.

*Judgment accordingly.*

SHIELDS and POWELL, JJ., concur.